THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00095-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES WAKEFIELD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motions for Compassionate Release [Docs. 32, 36]; the Government's Response to the Defendant's first Motion for Compassionate Release [Doc. 33]; and the Government's Motion to Seal Exhibit [Doc. 35].

**I.    BACKGROUND**

In September 2019, the Defendant Charles Wakefield pled guilty to one count of filing a false tax return and one count of aiding and abetting the filing of a false tax return. [Docs. 8, 9]. In July 2020, the Court sentenced him to a total term of 12 months plus one day of imprisonment. [Doc. 28].

The Defendant is currently housed at FMC Fort Worth, and his projected release date is August 10, 2021.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 32]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction. [Id.]. The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Dec. 21, 2020]. The Government filed its response on January 20, 2021. [Doc. 33]. On February 1, 2021, the Court received a second motion for compassionate release from the Defendant, asserting the same grounds as asserted in his original motion. [Doc. 36]. Because the Government has already responded to the substantive grounds of the Defendant's request, the Court did not order the Government to respond to the Defendant's second motion.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Feb. 17, 2021).

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now

4

permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant claims that he has a number of conditions—including Type II diabetes, obesity, and hypertension—that place him at increased risk of serious illness or death were he to contract the coronavirus.[2] The Centers for Disease Control and Prevention (CDC) has

---

[2] In his second motion [Doc. 36 at 3], the Defendant also cites an unspecified issue with his right knee as a basis for his compassionate release request. The Defendant does not provide any further information about this particular condition, other than to state that it has resulted in a 15% disability. Given the lack of information provided, the Court cannot determine the seriousness of this condition or whether such condition inhibits his ability to provide self-care while in prison. In any event, a knee issue does not appear to be a

5

identified Type II diabetes and obesity as COVID-19 risk factors.[3] The CDC also has cautioned that people with hypertension *might* be at an increased risk for severe illness from COVID-19.[4] While the Government concedes that these health risks ordinarily could constitute extraordinary and compelling reasons for a possible sentence modifications, it argues that these health risks have been mitigated by two significant factors. First, the Defendant received his first dose of the coronavirus vaccine on December 18, 2020. [Doc. 34 at 57]. While it is unclear when the Defendant will receive his second dose, once he is fully vaccinated his COVID-19 risks will be substantially reduced. Additionally, the Defendant tested positive for the virus on January 7, 2021 and has apparently made a full recovery. [Doc. 34 at 1-45]. Current scientific evidence suggests that reinfection is uncommon in the 90 days after initial infection.[5] Therefore, the Defendant is at less risk than the general population of suffering from a severe illness due to the virus

---

factor that would increase his risk of serious illness or death from COVID-19. Accordingly, the Court concludes that the Defendant has failed to establish that this knee issue constitutes an extraordinary and compelling reason for his release.

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 17, 2021).

[4] See id.

[5] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html (last visited Feb. 17, 2021).

for at least that time period, if not longer. The Defendant's natural resistance to the virus should carry him through until he receives his second dose of the vaccine.

Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Here, the Court already considered the Defendant's health risks within the context of the COVID-19 pandemic when the Court imposed the judgment last July. The Defendant provides no reasons for the Court to consider the factors set forth in 18 U.S.C. § 3553(a) any differently today.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

7

Case 1:19-cr-00095-MR-WCM   Document 37   Filed 02/18/21   Page 7 of 9

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motions for compassionate release are denied.

B.  **Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 34] filed in support of its Response to the Defendant's motion for compassionate release. [Doc. 35].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on January 20, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's

competing interest in protecting the details of such information. See <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motions for Compassionate Release [Docs. 32, 36] are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit [Doc. 35] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 34] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: February 18, 2021

Martin Reidinger
Chief United States District Judge